**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **CASE NO: 23-10898** |
| | § | |
| **MARTIN ENERGY LLC,** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR.** | § | **SECTION A** |
| | § | |

**MEMORANDUM OPINION AND ORDER APPROVING IN PART AND
DISAPPROVING IN PART PETITIONING CREDITORS' APPLICATION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

Before the Court is the *Petitioning Creditors' Application for Recognition and Allowance of Administrative Expense Claim for Filing Involuntary Petition Pursuant to 11 U.S.C. §§ 503(b)(3)(A) and (b)(4)*, inclusive of exhibits attached thereto (the "Application"), [ECF Doc. 284], filed by TanMar Rentals, LLC ("TanMar"), Newpark Mats and Integrated Services, LLC ("Newpark"), and Intracoastal Liquid Mud, LLC ("ILM" and, collectively with TanMar and Newpark, the "Petitioners"). The Petitioners seek allowed administrative expense claims pursuant to 11 U.S.C. §§ 503(b)(3)(A) and (b)(4) in the aggregate amount of $34,684.00 for actual, necessary expenses and reasonable professional fees incurred in connection with filing and prosecuting the involuntary bankruptcy case against Martin Energy LLC. No objections to the Application have been filed.

After review of the record and pleadings, and for the reasons stated herein,

**IT IS ORDERED** that the Application is **APPROVED IN PART** and **DISAPPROVED IN PART**.

**JURISDICTION**

This Court has jurisdiction to grant the relief provided herein pursuant to 28 U.S.C. § 1334. The matter before the Court is a "core" proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2)(A) & (B).

**DISCUSSION**

Section 503(b) requires allowance of administrative expense claims for the "actual, necessary expenses," other than compensation and reimbursement of attorneys' or accountants' fees, incurred by a creditor that files an involuntary bankruptcy petition. 11 U.S.C. § 503(b)(3)(A). Section 503(b) further allows administrative expense claims for "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A) . . . ." *Id*. § 503(b)(4). "The purpose of §§ 503(b)(3)(A) and 503(b)(4) is to reimburse petitioning creditors for the costs associated with successfully filing and prosecuting an involuntary petition—a valuable service that brings the debtor into court so that its assets can be equitably marshaled before they are squandered." *In re Key Auto Liquid. Ctr., Inc.*, 384 B.R. 599, 604 (Bankr. N.D. Fla. 2008) (citations omitted). Thus, "[s]ection 503(b)(3)(A) conclusively presumes that creating a case and bringing assets within the court's jurisdiction is beneficial to creditors and does not require that a petitioning creditor prove the outcome of the case was more beneficial to creditors than the result that might have been obtained had no case been filed." *In re New Towne Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480, at *2 (Bankr. M.D. La. Apr. 9, 2010) (internal quotations and citation omitted).

A bankruptcy court has an independent duty to review fee applications notwithstanding the absence of objections. *See In re 1002 Gemini Interests LLC*, No. 11-38815, 2015 WL 913542, at *3 (Bankr. S.D. Tex. Feb. 27, 2015). Once the Court determines that a petitioning creditor is

2

eligible for recouping expenses for filing an involuntary case pursuant to § 503(b)(3)(A), the Court

evaluates the request for reasonable attorneys' fees pursuant to § 503(b)(4) using the "lodestar"

method for determining attorneys' fees. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th

Cir. 1993). A review of attorneys' fees requires the Court to analyze each time entry and charge

in counsel's fee application to identify which should be allowed to the Petitioning Creditors, or

not, as an administrative expense under §§ 503(b)(3)(A) and (b)(4). To tally the lodestar number,

courts multiply "the number of hours an attorney would reasonably spend for the same type of

work by the prevailing hourly rate in the community." *Rodriguez v. Countrywide Home Loans,*

*Inc. (In re Rodriguez)*, 517 B.R. 724, 731 (Bankr. S.D. Tex. 2014) (citing *id*. at 319). A court may

then adjust the lodestar number up or down depending upon the presence or absence of the twelve

factors identified in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974) (assessing

reasonableness of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964),

*abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill,* 428

F.3d 536, 539–40 (5th Cir. 2005) (applying the *Johnson* factors in a bankruptcy context); *In re*

*Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Town Dev. Grp.,*

*L.L.C.*, 2010 WL 1451480, at *2 (same); *In re Energy Partners, Ltd*., 422 B.R. 68 (Bankr. S.D.

Tex. 2009) (same).[1] The Fifth Circuit affords courts considerable discretion in awarding attorneys'

---

[1] The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *See* 488 F.2d at 717–19. But "[t]he lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730.

fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994).

On June 8, 2023, the Petitioners filed an involuntary bankruptcy petition against Martin Energy LLC under 11 U.S.C. § 303. [ECF Doc. 1]. On August 3, 2023, this Court entered an Order for Relief under 11 U.S.C. § 303(h). [ECF Doc. 23]. The Court has reviewed all time entries and charges listed in the invoices attached to the Application and makes the following findings:

### A. TanMar's Application

TanMar seeks an allowed administrative expense claim in the amount of $1,512.50 for attorneys' fees incurred between April 27, 2023, and August 2, 2023, in filing and prosecuting the involuntary petition against Martin Energy LLC. Upon review of the affidavit of Jacque B. Pucheu, Jr., the attorney for TanMar, and the invoice attached to the Application, the Court finds that each entry in the invoice represents reasonable legal services associated with filing and prosecuting the involuntary petition and satisfies the requirements of §§ 503(b)(3)(A) and (b)(4). The Court thus allows TanMar its requested administrative expense claim.

### B. Newpark's Application

Newpark seeks an allowed administrative expense claim in the amount of $3,955.00 for attorneys' fees incurred between May 5, 2023, and August 31, 2023. The Court has reviewed the affidavit of Holly C. Hamm of the law firm of Mehaffy Weber PC, counsel for Newpark, and the invoices attached to the Application. As an initial matter, although §§ 503(b)(3)(A) and (b)(4) confer administrative status on a petitioning creditor's attorney's fees for preparing and filing the involuntary petition, the cut-off date for such an award is the date of entry of the Order for Relief. *See In re New Towne Dev. Grp., L.L.C.*, 2010 WL 1451480, at *2 (citing *In re Indian Motorcycle*

*Apparel & Accessories Co.*, 174 B.R. 659, 662 (Bankr. D. Mass. 1994)). Thus, the fees for 4.4 hours of services rendered by Mehaffy Weber PC after the Court's entry of the Order for Relief on August 3, 2023, are ineligible for allowance as administrative expenses under 11 U.S.C. §§ 503(b)(3)(A) and (b)(4) and are disallowed. Further, the following charges for legal fees and costs are also disallowed because they were not sufficiently related to the filing or adjudication of the involuntary petition or Newpark failed to satisfy its burden of establishing that the services rendered or expenses incurred were related or necessary to the filing or adjudication of the involuntary petition. *See In re Baldwin-United Corp.*, 79 B.R. 321, 337 (Bankr. S.D. Ohio 1987) (finding that services "which are inadequately described, refer to matters extraneous to the filing of the petitions, or are excessive given the tasks performed" are not compensable under §§ 503(b)(3)(A) and (b)(4)); *see also In re Treasure Valley Marine, Inc., LLC*, No. 16-927, 2020 WL 6821789, at *6–8 (Bankr. D. Idaho Oct. 15, 2020).

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Legal Services | May 5, 2023 | Receipt and review correspondence from counsel withdrawing from representation of debtor; correspondence to client with status update; correspondence to Louisiana counsel with status update; correspondence to debtor's in-house counsel with request for information regarding status of wells. | 0.40 | $350/hr. | $140.00 |
| Costs | June 2023 | No description | | | $0.20 |

The Court finds that every other entry listed in the invoices represents reasonable legal services associated with filing and prosecuting the involuntary petition and satisfies the requirements of §§ 503(b)(3)(A) and (b)(4). The Court thus allows Newpark an administrative expense claim in the total amount of $3,535.00, representing 10.10 hours of legal services at a rate of $350.00 per hour.

### C.  ILM's Application

ILM seeks an allowed administrative expense claim in the amount of $6,390.00 for attorneys' fees incurred between May 8, 2023, and August 3, 2023.  The Court has reviewed the affidavit of Raymond A. Beyt of the law firm of Beyt & Beyt, PLC, counsel for ILM, and the invoices attached to the Application.  The Court finds that the following charge for legal fees is disallowed because the service was not sufficiently related to the filing or adjudication of the involuntary petition:

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Legal Services | August 3, 2023 | Conference with Ted Anthony, attorney or possible purchaser/operator of wells; review of file with regard thereto. | 1.0 | $300/hr. | $300.00 |

The Court finds that every other entry listed in the invoices represents reasonable legal services associated with filing and prosecuting the involuntary petition and satisfies the requirements of §§ 503(b)(3)(A) and (b)(4).  The Court thus allows ILM an administrative expense claim in the total amount of $6,090.00, representing 20.30 hours of legal services at a rate of $300.00 per hour.

### D.  H. Kent Aguillard's Application

H. Kent Aguillard, who served as bankruptcy counsel to TanMar, Newpark, and ILM, seeks an allowed administrative expense claim in the amount of $22,826.50 for attorneys' fees incurred between May 16, 2023, and September 9, 2023 and costs associated with the filing of the involuntary petition.  The Court has reviewed Aguillard's affidavit and the invoices attached to the Application.  As stated above, although §§ 503(b)(3)(A) and (b)(4) confer administrative status on a petitioning creditor's attorney's fees for preparing and filing the involuntary petition, the cut-off date for such an award is the date of entry of the Order for Relief.  *See In re New Towne Dev.*

*Grp., L.L.C.*, 2010 WL 1451480, at *2. In this case, that date is August 3, 2023; thus, the fees for

28.95 hours of services rendered by Aguillard and a paralegal after August 3, 2023, are ineligible

for allowance as administrative expenses under 11 U.S.C. §§ 503(b)(3)(A) and (b)(4) and are

disallowed. Further, the following costs are disallowed because the Aguillard failed to satisfy his

burden of establishing that the expenses incurred were related or necessary to the filing or

adjudication of the involuntary petition. *See In re Baldwin-United Corp.*, 79 B.R. at 337.

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Costs | unknown | Copies | 24.0 | $0.25 | $6.00 |

The Court finds that every other entry listed in the invoices represents reasonable legal

services or an actual, necessary cost associated with filing and prosecuting the involuntary petition

and satisfies the requirements of §§ 503(b)(3)(A) and (b)(4). The Court thus allows H. Kent

Aguillard an administrative expense claim in the total amount of $10,343.00, comprised of

$10,005.00 in attorneys' fees (21.7 hours of attorney time at a rate of $450.00 per hour and 3.0

hours of paralegal time at a rate of $125.00 per hour) and $338.00 in costs.

## CONCLUSION

Pursuant to 11 U.S.C. §§ 503(b)(3)(A) and (b)(4) and based upon the number of hours

worked and the amounts charged for the services, and with the discounts described above, the

Court allows the Petitioners administrative expense claims for actual, necessary expenses and

reasonable compensation for professional services in the following amounts:

**IT IS ORDERED** that TanMar is granted an allowed administrative expense claim in the

total amount of $1,512.50;

**IT IS FURTHER ORDERED** that Newpark is granted an allowed administrative expense

claim in the total amount of $3,535.00;

**IT IS FURTHER ORDERED** that ILM is granted an allowed administrative expense claim in the total amount of $6,090.00;

**IT IS FURTHER ORDERED** that H. Kent Aguillard is granted an allowed administrative expense claim in the total amount of $10,343.00; and

**IT IS FURTHER ORDERED** that H. Kent Aguillard shall serve this Order via first-class U.S. Mail on all parties in interest who will not receive electronic notice via this Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and any Order limiting notice in this case and shall file a certificate of service into the record within three (3) days.

New Orleans, Louisiana, August 29, 2024.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE